BREAUX, C. J.
An indictment was returned by the grand jury on the 19th day of May, 1905, in which it was charged that the defendant, Viola Lamont, stole $1,140 from Frederick Scott.
She was duly arraigned and placed on her defense. On the 21st day of June, 1905, she was found guilty as charged by a jury composed of five jurors.
Thereupon the court sentenced her to suffer imprisonment in the state penitentiary at .hard labor, for grand larceny, for three years.
From the verdict and sentence the defendant prosecutes this appeal.
One ground of defense is before us for consideration.
It sets forth that the court erred in permitting a witness (who lets out rooms) to testify over the objection of the defendant that she (the witness) had rented a room to a man unknown to her, who was (defendant contended) in no manner connected or identified with her, and was not shown to be an agent or co-conspirator with her, the defendant.
There is no merit in the objection.
The narrative of facts of the trial judge, which forms part of the bill .of exceptions, definitively and completely disposes of this objection.
We will insert this narrative here, slightly condensed.
Miss Hammong testified that the defendant and her husband, a mían by the name of Stortz, boarded with her for several weeks, but left early on Sunday morning, January 29, 1905, and that she never saw them after-wards. Mrs. Duvio, who lived at 110-112 Elks Place, between Canal street and Tulane avenue, testified, as shown by the bill of exceptions, that on the same Sunday morning she rented a room to a man for himself and wife.
No objection to this point was made to this testimony. Mrs. Duvio was followed as a witness by her niece and her daughter, witnesses in corroboration of her testimony, and all testified to the effect that one of these witnesses (Mrs. Duvio’s daughter) showed the defendant to a front room downstairs.
Then the prosecuting officer recalled Mrs. Duvio and asked her, “What room did you rent to this man?” The witness answered, “Downstairs 112.”
It was then that objection was urged on the ground that the defendant was not bound by the act of a stranger, which objection the court overruled, and held that the testimony was admissible to show that the defendant had occupied the room rented to the man referred to by the witnesses. It presented a question of identification of a roomer at the house and the room he occupied — a fact, we take it, which was material to the issues of the case.
The testimony was, for the purpose mentioned, admissible. If it were conceded that it was not, it was not in any view erroneous or prejudicial to the defendant.
Quoting literally, the defendant as a witness “testified that Mr. Stortz, the man with whom she was living, engaged the room for her at Mrs. Duvio’s, and that she called there on the night in question and asked for the room rented by him that morning; that the little girl, Mrs. Duvio’s daughter, showed her the room, and that she remained there that night and for several days afterwards, giving as her reason for moving that she preferred the room at this place, 112 Elks Place, to the room she vacated at 130 South Rampart street, because she could see out *299 in the street at the former place” — practically corroborating the testimony of all the state witnesses on this branch of the ease.
An accused, who, as a witness, directly and clearly corroborates a witness’ testimony, cannot sustain the contention that the testimony was inadmissible.
She sustained by her testimony the admissibility of the very testimony to which she now objects.
The defense cannot be sustained. Under no principle of the law of evidence can it be held that the testimony was not properly admissible. She admitted that she had occupied the room. That proof had corroborative effect to an extent that made it impossible to hold that the testimony objected to was improperly admitted.
There remains only one alternative, and that is to affirm the verdict and sentence.
For reasons stated, they are affirmed.